UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 18 CV-1257 PSG (KK) | Date | August 6, 2018 |
|---|---|---|---|
| Title | Karen Montgomery et al v. Specialized Loan Servicing, LLC et al | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**     **The Court DENIES Plaintiffs' motion and GRANTS Defendants' motion**

    Before the Court is a motion to remand filed by Plaintiffs Karen Montgomery and David Montgomery ("Plaintiffs"). *See* Dkt. # 7 ("*Remand Mot.*"). Defendants Specialized Loan Servicing LLC, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A. as Trustee of Structured Asset Mortgage Investments II Inc., Bear Stearns Alt-A Trust II, and Mortgage Pass-Through Certificates ("Defendants") oppose the motion, *see* Dkt. # 12 ("*Remand Opp.*"), and Plaintiffs timely replied, *see* Dkt. # 18 ("*Remand Reply*"). Also before the Court is Defendants' motion to dismiss. *See* Dkt. # 9 ("*Mot.*"). Plaintiffs oppose, *see* Dkt. # 16 ("*Opp.*"), and Defendants replied, *see* Dkt. # 19 ("*Reply*"). The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the moving papers, the Court **DENIES** Plaintiff's motion to remand, and **GRANTS** Defendants' motion to dismiss.

I.     <u>Background</u>

    In August 2007, Plaintiffs obtained a mortgage loan in the amount of $477,600.00 from Countrywide Mortgage Ventures, LLC, which was secured by a Deed of Trust ("DOT") on real property located at 2967 West Split Mountain Lane, San Bernardino, CA 92406 ("the Property"). *See* Dkt. # 1, *Notice of Removal* ("*NOR*"), Ex. A, *Deed of Trust* ("*DOT*"). The DOT identifies Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee beneficiary. *Id.* On July 12, 2011, MERS recorded an Assignment of Deed of Trust transferring the beneficial interest in the DOT to Citibank, N.A. as Trustee of the Holders of Bear Stearns Alt-A Trust II Mortgage, Pass-Through Certificates Series 2007-1 ("Citibank"). *Compl.* 6. In October 2013, Citibank recorded an Assignment of the Deed of Trust transferring the beneficial interest in the DOT from Citibank to Defendant Wilmington Trust ("Wilmington"). *Id.* Defendant Specialized

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18 CV-1257 PSG (KK) | Date | August 6, 2018 |
|---|---|---|---|
| Title | Karen Montgomery et al v. Specialized Loan Servicing, LLC et al | | |

Loan Servicing, LLC (SLS) became the loan servicer on December 1, 2013. *See Mot.* 3; *RJN*, Ex. G ¶ 20.

Plaintiffs subsequently defaulted on their loan. *Id.* A Notice of Default and Notice of Trustee's Sale ("NOTS") were recorded against the Property in 2012. *See RJN*, Exs. C, D. On November 26, 2013, a second NOTS was recorded against the Property. *Id.*, Ex. F. A month later, Plaintiffs filed suit in the Superior Court, County of San Bernadino against SLS, MERS, Bank of America, and Recon Trust. *Id.* Ex. G. They brought causes of action for (1) breach of written contract; (2) wrongful foreclosure; (3) breach of the implied covenant of good faith and fair dealing; (4) negligence; and unfair business practices under California Business and Professions Code § 17200. *See id.* Plaintiffs' claims arose from their contention that Defendants did not have the legal authority to foreclose, or take any actions related to collecting on the debt, because the assignment of the DOT from MERS to Citibank was invalid, and the assignment from Citibank to Wilmington was invalid and improperly recorded. *Id.* ¶¶ 17, 25, 32, 47, 65. As Plaintiffs stated in that action, "the gravamen of Plaintiffs' complaint is that Defendants are trying to conduct a foreclosure sale of the Subject Property without any legal authority or standing to do so." *Id.* ¶ 32. On May 28, 2014, Plaintiffs dismissed the action with prejudice. *Id.*, Ex. H.

Following the dismissal, Plaintiffs resumed making loan payments, and then stopped again in July 2017. *See NOR*, Ex. A ("*Compl.*") 7. They have not made a payment since. *Id.* Consequently, on April 2, 2018, another Notice of Default was recorded. *Id.*

On May 4, 2018, Plaintiffs filed this action in the Superior Court of California, County of San Bernardino. *See Compl.* Defendants removed the action to this Court on June 8, 2018 on the basis of diversity jurisdiction. *See NOR.* Plaintiffs assert causes of action for (1) violations of the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"); (2) violations of California Civil Code §§ 2924.17, 2924(a)(6); (3) violations of California Business and Professions Code § 17200 ("the UCL"); (4) intentional infliction of emotional distress ("IIED"); and (5) injunctive relief under the UCL. *See generally Compl.*

Plaintiffs now move to remand the action back to state court on the basis that the amount in controversy does not support diversity jurisdiction; Defendants move to dismiss on the basis that Plaintiffs lack standing, fail to state a claim, and are barred from bringing all of their claims by the doctrine of res judicata.

II.  Legal Standard

    A.  Motion to Remand

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18 CV-1257 PSG (KK) | Date | August 6, 2018 |
|---|---|---|---|
| Title | Karen Montgomery et al v. Specialized Loan Servicing, LLC et al | | |

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

    B.    <u>Motion to Dismiss</u>

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City and County of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

III.    <u>Judicial Notice</u>

"Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see also Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18 CV-1257 PSG (KK) | Date | August 6, 2018 |
|---|---|---|---|
| Title | Karen Montgomery et al v. Specialized Loan Servicing, LLC et al | | |

Courts may also, however, consider "attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014). Such material includes "notice of proceedings in other courts, whether in the federal or state systems." *Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995); *see also Schweitzer v. Scott*, 469 F. Supp. 1017, 1020 (C.D. Cal. 1979) ("[T]he Court is empowered to and does take judicial notice of court files and records.").

Under Federal Rule of Evidence 201, the court "can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies." *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (quoting *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08-CV-1166-IEG -POR, 2009 WL 6598891, at *2 (S.D. Cal. Dec. 23, 2009)); *see also L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 937–38 (C.D. Cal. 2011) (noting that public records from the Internet are "generally considered not to be subject to reasonable dispute") (internal quotation marks omitted). Further, "[p]ublic records and government documents are generally considered 'not to be subject to reasonable dispute.'" *United States ex rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) (citing *Jackson v. City of Columbus,* 194 F. 3d 737, 745 (6th Cir.1999)).

Defendants ask the Court to take judicial notice of the 2013 state court proceedings, as well as the Deeds of Trust, Assignments of Deeds of Trust, Notices of Default, and Notices of Trustee's Sale—all publicly recorded documents in the Official Records of the County of San Bernadino. *See* Dkt. # 10, *Request for Judicial Notice* ("*RJN*"). Because the Court may properly take judicial notice of court records and proceedings as well as publicly recorded documents, it **GRANTS** Defendants' request.

IV. <u>Discussion</u>

    A. <u>Plaintiffs' Motion to Remand</u>

Defendants removed to this Court based on diversity jurisdiction. *See NOR* 3–5. A federal court has diversity jurisdiction if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a).
Plaintiffs do not dispute that the parties are completely diverse; rather, they argue that the amount in controversy has not been proven to exceed $75,000. *See Remand Mot*. 5. Accordingly, the Court need only address the amount in controversy issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18 CV-1257 PSG (KK) | Date | August 6, 2018 |
|---|---|---|---|
| Title | Karen Montgomery et al v. Specialized Loan Servicing, LLC et al | | |

Plaintiffs contend that the amount in controversy is not met because Defendants have filed a motion to dismiss denying the allegations in Plaintiffs' complaint. *See generally Remand Mot*. Plaintiffs argue that "Defendants cannot have it both ways. Either they admit they have or are violating the causes of action alleged in Plaintiffs' Complaint and Plaintiffs are entitled to an award for their violations or they deny Plaintiffs' allegations in its [*sic*] entirety and believe Plaintiffs are not entitled to any damages." *Id*. 6. As the court in *Woodard v. Wells Fargo Bank, N.A.*, No. 14-CV-1017-ODW, 2014 WL 3534086 (C.D. Cal. July 16, 2014) noted, the argument that a defendant's denial of liability means there are no damages for purposes of the amount in controversy is "clearly erroneous" and "fails based on well-established principles of law." *Id*. at *2.

Contrary to Plaintiffs' assertion, "to determine if the amount in controversy requirement is met, the court looks to the amount demanded by the plaintiff in the Complaint." *Thrower v. Nationstar Mortg. LLC*, No. CV-21701627-WBS-KJN, 2017 WL 4923504, at *2–3 (E.D. Cal. Oct. 31, 2017). A defendant's burden to establish that the amount in controversy exceeds $75,000 "is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement." *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992). Here, Plaintiffs allege damages in excess of $1,000,000, which is sufficient to establish the amount in controversy. *See, e.g.*, *Woodard*, 2014 WL 3534086, at *2 (finding amount in controversy in wrongful foreclosure action "exceeds $75,000 as evidenced by [the] prayer for relief of $1,500,000 in the Complaint"); *Hoffman v. Ocwen*, No. SACV-1401378-CJC-RZX, 2014 WL 12603071, at *2 (C.D. Cal. Sept. 22, 2014) (amount in controversy met where plaintiff sought damages in excess of $75,000 "[o]n the face of the Complaint").

Accordingly, for purposes of diversity jurisdiction, the amount in controversy requirement has been met. Therefore, the Court has subject matter jurisdiction over this action and **DENIES** Plaintiffs' motion to remand.

B.  Defendants' Motion to Dismiss

Defendants move to dismiss Plaintiffs' complaint in its entirety on the grounds that Plaintiffs are barred from bringing their claims by the doctrine of res judicata, or claim preclusion.[1] *See Mot*. 5–8.

---

[1] The motion to dismiss asserts several other grounds for dismissal, including that Plaintiffs lack standing and that they fail to state a claim under the Rosenthal Act, the HBOR, the UCL, and for IIED. *See generally Mot*. Because the Court determines that the res judicata issue is dispositive, it need not reach Defendants' other arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18 CV-1257 PSG (KK) | Date | August 6, 2018 |
|---|---|---|---|
| Title | Karen Montgomery et al v. Specialized Loan Servicing, LLC et al | | |

"The doctrine of *res judicata* provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). The doctrine prevents "parties from the contestation of matters already fully and fairly litigated[,] conserves judicial resources[,] and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* Res judicata is an affirmative defense. An affirmative defense may be considered on a motion to dismiss when the "allegations in the complaint suffice to establish" the defense. *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)). Because the Court may determine whether res judicata applies from looking at the face of the complaint and the complaint and final judgment in the underlying case, the Court properly considers res judicata under Rule 12(b)(6).

Defendants must prove three elements to assert a successful res judicata defense: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council*, 322 F.3d at 1077; *see also Brinton v. Bankers Pension Servs., Inc.*, 76 Cal. App. 4th 550, 556 (1999). The Court will assess each element in turn.

    *i.    Identity of Claims*

"An identity of claims exists when two suits arise from the same transactional nucleus of facts." *Tahoe-Sierra Pres. Council*, 322 F.3d at 1078. "Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits. It is immaterial whether the claims asserted subject to the judgment were actually pursued . . . ; rather, the relevant inquiry is whether they could have been brought." *United States ex rel. Barajas v. Northrup Co.*, 147 F.3d 905, 909 (9th Cir. 1998). The Ninth Circuit generally relies on four factors in determining the identity of the claims:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980). "The fourth criterion—the same transactional nucleus of facts—is the most important." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150–51 (9th Cir. 2011).

Here, the first three criteria of the *Harris v. Jacobs* test are easily satisfied. Because allowing the present case to proceed would require Defendants to re-litigate the same arguments

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18 CV-1257 PSG (KK) | Date | August 6, 2018 |
|---|---|---|---|
| Title | Karen Montgomery et al v. Specialized Loan Servicing, LLC et al | | |

and defenses regarding the validity of the DOT transfers and the legality of the subsequent foreclosure activity, there is a risk that the rights that Defendants secured in the prior action might be impaired by the present action. The claims also involve the same evidence—namely, the deeds of trust and subsequent assignments.

The fourth criterion, the "same transactional nucleus of facts," is also satisfied. Defendants argue that all six of the claims asserted in the present action could have been asserted and decided in the prior action, because they all arise from the same transactional nucleus of facts. *Mot*. 7. Plaintiffs do not raise any argument in opposition for five of the six claims; they argue only that the Rosenthal Act claim could not have been brought in the prior action. *See Opp*. 10–12. Arguments to which no response is supplied are deemed conceded. *See, e.g.*, *Tapia v. Wells Fargo Bank, N.A.*, No. CV 15-03922-DDP-AJWX, 2015 WL 4650066, at *2 (C.D. Cal. Aug. 4, 2015); *Silva v. U.S. Bancorp*, No. CV-10-01854-JHN-PJWx, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011). Plaintiffs thus concede that the other causes of action are barred, and the Court will accordingly address only Plaintiffs' first cause of action, the Rosenthal Act claim.

Plaintiffs argue that their Rosenthal Act claim is based on allegations of conduct that occurred *after* the prior action—and therefore cannot be barred by res judicata here.[1] *Id*. 11. Plaintiffs' Rosenthal Act claim, like the others, centers around the actions Defendants took regarding the DOT assignments and subsequent foreclosure, which Plaintiffs allege were illegal; all of Plaintiffs' allegations arise from their contention that "Plaintiffs' debt was not legally transferred, conveyed, or assigned to Defendant[s]." *Compl*. ¶ 22. Therefore, they argue, the foreclosure actions taken by Defendants "qualified as: abusive and oppressive conduct; false and misleading representations to collect a debt and enforce a security interest." *Id*. ¶ 19.

Plaintiffs contend their Rosenthal Act claim could not have been brought in the prior action because "it is impossible to allege violations that occurred in 2017 and 2018 against Defendants in a 2013 complaint." *Opp*. 11. However, res judicata bars re-litigation not only of the same claims, but also "claims that *could have been raised* in the prior action." *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 713 (9th Cir. 2001) (emphasis added); *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012) ("[W]here claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding.").

---

[2] The Court notes that Plaintiffs primarily argue that *collateral estoppel*, or issue preclusion, does not apply to this action. *See Opp*. 9–10. Collateral estoppel is not an argument raised by Defendants, however, so the Court will not address it here.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18 CV-1257 PSG (KK) | Date | August 6, 2018 |
|---|---|---|---|
| Title | Karen Montgomery et al v. Specialized Loan Servicing, LLC et al | | |

In the prior action, Plaintiffs alleged that the assignment of the DOT from MERS to Citibank was invalid because it was executed by a "robo-signer;" the subsequent transfer of the servicing of the loan to SLS was therefore also invalid. *See RJN*, Ex. G, ¶¶ 17, 19–21. The Notice of Default and the NOTS were thus "void and no longer in effect." *Id*. ¶ 21. The assignment to Wilmington in 2013 was consequently also invalid, and additionally, "the document recorded as the Notice of Trustee's Sale did not have the declaration required of Civil Code § 2923.5 attached to the notice, thereby making the recordation improper." *Id*. ¶ 46. Plaintiffs alleged that Defendants nonetheless "decided for their own gain to fraudulently proceed anyway with the foreclosure." *Id*. ¶ 48.

In the present case, they allege that Defendants have violated the Rosenthal Act by "improperly attempting to collect amounts that were not due to them," and by "unfairly, unconscionable [*sic*], falsely and deceptively . . . attempting to collect illegal fees and costs not authorized by law or the contract." *See, e.g., Compl*. ¶¶ 11–14, 16–18. Further, Defendants "are threatening to proceed on a nonjudicial foreclosure action on Plaintiffs' Property when they have no present right to possession of the Property as claimed," and trying to "dispossess Plaintiffs from their home without a legal ability to do so," because "Plaintiffs' debt was not legally transferred, conveyed, or assigned to Defendant." *Id*. ¶¶ 20, 21, 22.

Plaintiffs "dispute the contents and truthfulness" of the 2011 assignment of the DOT to Citibank, *Compl*. 6, and the 2013 assignment from Citibank to Wilmington, *see id*., because the documents were "robodocs," rendering "ALL mortgage-related notice of default and support declarations, notices of sale, assignments of deed of trust, and substitutions of trustee recorded in connection with a non-judicial foreclosure" invalid. *Id*. ¶ 28.

Each of Plaintiffs' causes of action in the present action, including the Rosenthal Act claim, arise from the same core allegations that gave rise to the prior action: that assignments of the beneficial interest in the DOT to Citibank in 2011, and then to Wilmington in 2013, were invalid. All subsequent efforts by Defendants to enforce the DOT's power of sale were therefore improper, Plaintiffs allege, because they lacked the legal authority to foreclose. Even those actions that post-date the 2013 case, then, relate directly to the validity of the underlying DOT assignments. Plaintiffs allege, for instance, that the reason they stopped making payments in 2017 was because due to the allegedly fraudulent DOT assignments, they were "unsure if they were making payments to the right entity." *Compl*. 7.

Defendants state that "the validity of both the 2011 and 2013 Assignments were *already challenged and raised* in Plaintiffs' Original Action filed in December 2013." *Reply* 2 (emphasis in original). Thus, "like the Original Action, this lawsuit concerns Plaintiffs' same property, the same loan, the same Deed of Trust, the same assignments from 2011 and the 2013, and the same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18 CV-1257 PSG (KK) | Date | August 6, 2018 |
|---|---|---|---|
| Title | Karen Montgomery et al v. Specialized Loan Servicing, LLC et al | | |

erroneous position that Defendants . . . lack authority to initiate foreclosure proceedings." *Id.* 2–3. The Court takes no position on the validity of Plaintiffs' position, because it agrees with Defendants that the issues raised by Plaintiffs' complaint are the same as those in the prior action. Because the transactional nucleus of operative facts here is identical to that of the prior case and the Rosenthal Act claim could have been brought in that case, the Court finds an identity of claims between the prior action and the present one.

### ii. *Final Judgment on the Merits*

Having found an identity of claims for Plaintiff's causes of action, the Court now turns to the second element of the res judicata analysis: final judgment on the merits. A grant of a motion to dismiss with prejudice is a final judgment on the merits for preclusion purposes. *See Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1076. Because the original action was dismissed with prejudice, there is a final judgment on the merits, and Plaintiffs do not raise any argument in opposition. *See generally Opp.* The Court therefore concludes that the second element is met.

### iii. *Privity Between Parties*

The final element of res judicata is privity between parties. "'Privity . . . is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052–53 (9th Cir. 2005). Where the parties to the current adjudication are identical to the parties in a prior adjudication, privity exists. *See Holguin v. City of San Diego*, 135 F. Supp. 3d 1151, 1160 (S.D. Cal. 2015).

Here, Plaintiffs are the same in both actions, a fact not in dispute. Plaintiffs argue that privity is not established as to Defendants SLS and Wilmington, because "mortgage servicers are not parties in privity because they are not a party to the contract." *Opp.* 12. As Defendants correctly note, "SLS does not need to establish privity because it was a party to the original action—there is complete identity as to SLS." *Reply* 3. As for Wilmington, Defendants argue that "Wilmington stands in the shoes of the original lender, nominee beneficiary, and assignors of DOT," because in the original action, Plaintiffs named MERS as a party. *Reply* 3.

MERS was the original nominal beneficiary for the lender under the DOT, and was a named defendant in the prior action. *See RJN* Exs. A, G. MERS later assigned its beneficial interest in the DOT to Citibank, and Citibank subsequently assigned its beneficial interest to Wilmington. *Id.* Exs. B, E. Wilmington, Defendant in the present action, therefore stands in the shoes of MERS. *See, e.g., Miller v. Wholesale Am. Mortg., Inc.*, No. 17-CV-05495-LB, 2018

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18 CV-1257 PSG (KK) | Date | August 6, 2018 |
|---|---|---|---|
| Title | Karen Montgomery et al v. Specialized Loan Servicing, LLC et al | | |

WL 306714, at *7 (N.D. Cal. Jan. 5, 2018) (finding that MERS as original beneficiary and ALS, as assignee of beneficial interest in DOT, were "in privity for res judicata purposes"); *Lee v. Thornburg Mortgage Home Loans Inc.*, No. 14-cv-00602-NC, 2014 WL 4953966, at *6 (N.D. Cal. Sept. 29, 2014) (finding privity in a foreclosure case between the servicer, original lender, nominee, and trustee); *Cline v. CBSK*, No. SACV 13-1720-JLS-JPR, 2015 WL 1005520, *6 (C.D. Cal. Mar. 5, 2015) (finding privity between assignor and assignee of mortgage for res judicata purposes because "Wachovia and Wells Fargo, as subsequent assignees of the debt . . . stand in the shoes of the original lender and trustee").

Plaintiffs and SLS are identical parties as those in the prior action. As to the remaining Defendant here, privity exists between Wilmington and MERS based on Wilmington's status as current beneficiary under the DOT—the same DOT at issue in the Original Action. *Mot*. 7. Privity is therefore established.

The Court has determined that privity of parties and claims, as well as a final judgment on the merits have been established, thus barring Plaintiffs' claims. Defendants' motion to dismiss is therefore **GRANTED**.

V.      Leave to Amend

The final question is whether the Court should grant leave to amend. Rule 15(a)(2) advises the Court to "freely give leave when justice so requires." *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012). The Court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.* at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, amendment would be futile because Plaintiffs' claims are barred by res judicata. The Court therefore grants Defendants' motion without leave to amend.

VI.     Conclusion

Because the Court concludes that the amount in controversy requirement is satisfied, the Court has subject matter jurisdiction over this action and **DENIES** Plaintiff's motion to remand. The Court also determines that Plaintiff's claims are barred by the doctrine of res judicata, and therefore **GRANTS** Defendants' motion to dismiss **WITHOUT LEAVE TO AMEND**. This order closes the case.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18 CV-1257 PSG (KK) | Date | August 6, 2018 |
|---|---|---|---|
| Title | Karen Montgomery et al v. Specialized Loan Servicing, LLC et al | | |